Smith, J.
The relator prays for the allowance of a writ of mandamus requiring the defendant to admit him to register under the provisions of a regulation made by the board of administration, on November 28, 1893, of which the following is a copy :
*402 “Regulation requiring the registration of physicians and surgeons.
“Any .one desiring to prescribe or practice medicine in any of its branches, including surgery, in the city of Cincinnati, shall be entitled, on application to the Department of Health, and on. satisfactory proof that he or she is duly qualified according to law to be registered, and it shall be unlawfor any one to prescribe medicine in any of its branches, including surgery, in said city, unless he or she shall have first been so registered.”
The petition avers that the relator has been a practicing physician in said city since June, 1891, and is now engaged in the practice of medicine and surgery therein; that he is a person of good moral character, and on June 10, 1891, he graduated, and received a diploma from “The American Medical Eclectic College” of the city of Cincinnati, duly incorporated under the laws of the state of Ohio, -June 28, 1879, and that said college is a reputable school of medicine; that about December 15, 1893, he presented his said diploma to said defendant, and requested that he be permitted to register under said regulation, but while admitting that relator was of good moral character, defendant refused to register the relator and to recognize said diploma and the relator as a graduate of a reputable school of medicine. Relator alleges that he is duly qualified to practice medicine and surgery for reward under the statutes of Ohio, and that it was and is the duty of the defendant, as such health officer, to admit the relator to registration under said regulation.
The answer of the defendant expressly admits all the allegations of the petition to be true, except that he denies that the relator is a graduate of, or has received a diploma from .any reputable school of medicine.
Section 2123, Revised Statutes provides that “the council may grant power to the Board of Health to make such orders :and regulations as it may deem necessary for the public health .and the prevention of disease, and such orders and regula *403 tions shall have the force and effect of ordinances of the corporation.” And section 2137 provides that “whoever violates any provision of this chapter or any order of the Board of Health made in pursuance thereof * * * or unlawfully, willfully and illegally omits to obey any such order, shall be fined in any sum' not exceeding $100, or imprisoned for any term not exceeding ninety days, or both.”
Assuming for the present, as both of the parties in this case have done, that the board of administration (in this city having all the powers and duties of a Board of Health in other municipal corporations), has power to make regulations it may deem necessary for the prevention of disease, (as to which there was no allegation or evidence), and that the regulation in question was a valid exercise of this power so conferred, what are the rights of the parties ?
The board of administration has seen proper to require that all persons desirous of practicing medicine in any of its branches in this city shall apply for registration, and, on satisfactory, proof to the Department of Health — that is, we suppose to the Health Officer, that he or she is duly qualified according to law — be admitted to register; and has further provided that it shall be unlawful for any one to practice medicine in the city without such registration ; that is, if the regulation be a valid one, that the person violating it unlawfully shall be subject to fine and imprisonment as provided in section 2137, Revised Statutes. And it is apparent from the terms of the regulation that the proof presented that the person is entitled to register, and is duly qualified according to law, must be satisfactory to the Health Department.
Our statute, section 4403, makes provision as to those who shall not practice medicine in this state, and thereby in effect allows all persons ‘not excluded thereby, or by other statutes of the state, to do so. , It provides substantially that “ no person who is not a graduate of a reputable school of medi *404 cine, either in the United States or a foreign country, or who can not produce a certificate of qualification from a state or county medical society, and is not a person of good moral character, shall practice or attempt to practice medicine in any of its departments, or prescribe medicine for reward or compensation from any person within this state, except that when a person has been continuously engaged in the practice of medicine for a period of ten years or more, he shall be considered to have complied with the provision of this chapter.” But the only penalty thereby prescribed is that the person violating it shall not be entitled to any compensation for services rendered. But in addition to this section there is another which appears in ’the criminal code in section 6992, which makes it unlawful for a person to practice or attempt to practice medicine in any of its departments without having attended two full courses of instruction and graduated at a school of medicine, either in this or a foreign country, or who can not produce a certificate of qualification from a state or county medical society, with a like provision as to continuous practice for ten years. The penalty for a violation of this section is for the first offense a fine of not more than $100, and for any subsequent offense imprisonment for the term of thirty days.
It will be observed in this last section the word “reputable” is not used in connection with the words “ school of medicine.” The effect of this is, that a person will not be liable to the penalty provided for in this section, if having graduated at a school, of medicine, he practices or attempts to practice medicine. And it would seem, therefore, according to the laws of the state, having so graduated, he is at liberty to practice his profession, but if he is not graduated at a “reputable school of medicine,” he is not entitled to any compensation therefor.
But the question before us is not whether the relator, under the laws of the state, is authorized to practice medicine, but whether he is, under the circumstances of the case, enti *405 tied to an order of the court requiring the health officer to admit him to register as a practitioner under the terms of the regulation in question. If it is a valid one, it confers authority upon the Health Department, and requires it to permit the applicant to so register on satisfactory proof that he is qualified according to law. Under this regulation a duty, and a discretion as well, are imposed upon the department, and we are of the opinion that this discretion, so given, cannot be interfered with by the court unless it is abused. If the case stands upon the sole ground upon which it has been presented to us, that the relator is a graduate of a reputable school of medicine, we would be compelled, on the evidence heard, to say that it does not show such an abuse of discretion by the health officers as would authorize us to interfere. The weight of the evidence, we thought, was on the other side, and we do not see how, on settled principles of law, we can compel the defendant to do an act, which by the terms of the regulation in question, he was only to perform on satisfactory evidence being produced, and which was not done.
We think, however, that if the claim of the relator had been placed on the ground that he had been continuously engaged in the practice of medicine for ten years or more, that the undisputed evidence would show that he was entitled to registration on this ground. But no such claim was made to the. Department of Health prior to the filing of this petition, or made a ground of claim in this case; but the sole ground for the relief sought was the refusal to recognize his diploma.
We are of the opinion, then, that the plaintiff is not entitled to the relief sought. But, in our judgment, this'is not at all conclusive as to the right of the relator to engage in the practice of medicine in the city of Cincinnati, and without liability to punishment for a breach of this regulation of the Board of Administration. We have very grave doubts as to the legality of this regulation as it stands. We do not at all question the right of the board in pursuance of powers conferred by council to make such orders and regulations as it *406 may deem necessary for the public health and for the prevention of disease as are just and' reasonable, and are not in conflict with the other general legislation of the state. We suppose that in the exercise of the police power, it might properly require all persons practicing medicine or surgery in the city of Cincinnati to register as such. Good reasons for this "may, and probably do exist. But when it is attempted, as it seems to.us, is done here by this regulation, to prevent persons, who, under the laws of the state are authorized-to practice their' profession, (even if they cannot recover for their services), without liability under any of the criminal laws, from doing so in.Cincinnati, unless with the sanction and approval of one or more officers of the corporation, and make them liable to fine and imprisonment if they do attempt to practice without being so registered, that this is going beyond the power conferred upon municipal corporations by the state, and that such regulations can not stand. The General Assembly itself having assumed to legislate upon the subject, and by general law, made provision as to the persons who are authorized to practice medicine in the state, unless specific and express power has been conferred upon the municipal corporation to impose additional restrictions upon, and deprive them of the right to do so, unless with the consent and approval of an officer of the city, to be enforced by fine and imprisonment, such regulations cannot be upheld, and we think no such power has been conferred. See City of Canton v. Nist, 9 Ohio St. 439.
George W. Harding, for relator.
John Galvin, for the health officer.
But entertaining the views we do on the other question, the writ must be refused.